UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONNY H. CROOK,

    Plaintiff,

v.           Case No. 3:05-cv-593-J-16HTS

RONALD J. RICE,
etc.; et al.,

    Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

  Plaintiff in this action is an inmate of the Florida penal system, who is proceeding pro se and in forma pauperis. This cause is before the Court upon his Civil Rights Complaint Form (Doc. #2) (hereinafter Complaint), filed pursuant to 42 U.S.C. § 1983.

  On the Complaint form, question IV.(C) asks the following: "Have you initiated other actions *(besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive use of force or some other wrong)?" Complaint 6.[1]  There are parenthetical areas to mark either yes or no.

---

[1] Plaintiff did not disclose any filings in response to question IV.(A); however, he listed the following case in response to question IV.(B): case number 1:04-cv-423-MMP/AK (N.D. of Fla.).

Plaintiff marked no on his Complaint.  Id.  At the end of the Complaint, Plaintiff signed his name after the following statement on the form:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  Id. at 9.  The Court takes judicial notice of Plaintiff's previous prisoner civil rights filings in this Court: (1) 3:04-cv-80; (2) 3:04-cv-281; (3) 3:04-cv-291; (4) 3:04-cv-738; (5) 3:04-cv-1160; (6) 3:05-cv-356; (7) 3:05-cv-389; (8) 3:05-cv-395; (9) 3:05-cv-396; and, (10) 3:05-cv-545.[2]

This Court is convinced that Plaintiff understands the severity of not revealing the truth to the Court.  This Court has the authority to control and manage matters such as this pending before it.  This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court.  If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice.  Here, Plaintiff has falsely responded to question (C) in Section IV, entitled "Previous Lawsuits."

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation.  These amendments are entitled the Prison Litigation

---

[2] Additionally, according to the information on the U.S. Party Index (see http://pacer/uspci.uscourts.gov), Plaintiff has filed six actions in the United States District Court for the Northern District of Florida. All of those actions were transferred to this Court, with the exception of case number 4:04-cv-425.

Reform Act.  Specifically, prisoners proceeding in forma pauperis are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).[3]  For these reasons, it is imperative that Plaintiff comply with the instructions of this Court.

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions.  For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

---

[3] This section is commonly referred to as the "three strikes" provision.  See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).  In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

It is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby dismissed **without prejudice**.

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of July, 2005.

_____
JOHN H. MOORE II
United States District Judge

ps 7/7
c:
Ronny H. Crook